ESTHER E. TAYLOR

V.

LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

</div>

*Injunctions—Railroad Right of Way—Remedy at Law—Costs—Restitution.*

Upon an appeal from an order dissolving an injunction, dismissing a bill for want of equity, and awarding a writ of restitution for premises taken possession of under cover of the injunction, the trial court finding that

the same was improperly obtained for that purpose, this court enters a new decree, in lieu of, and as a substitute for the decree of the trial court, by modifying the same in so far as to dismiss the bill and cross-bill in the case without prejudice to the rights and remedies at law of either and both of the parties to the suit.

[Opinion filed May 8, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. BOOTH & BOOTH, for appellant.

The second assignment of error calls in question the decree dismissing the bill and cross-bill at costs of complainant in original bill.

It is true that the awarding of costs in equity cases is in the discretion of the chancellor, but a sound discretion must be exercised.

The appellee filed a cross-bill against appellant, which cross-bill the chancellor dismissed for want. of equity, at costs of defendant (appellant) to said cross-bill. If there was no equity—no just ground for filing the cross-bill against appellant—why should *she* pay the costs? We think such a decree oversteps the discretion vested in a chancellor, and it ought not to stand. Linton v. Quimby, 57 Ill. 271; Chapin v. Dake, 57 Ill. 295.

Mr. PLINY B. SMITH, for appellee.

Where an injunction is obtained by deception or misrepresentation, the court will dissolve it. High on Injunctions, 1474.

In Illinois it is the law that where an injunction is the only relief sought, the court, on dissolving the injunction, will dismiss the bill. Titus v. Mabee, 25 Ill. 257; Shaw v. Hill, 67 Ill. 455; Weaver v. Payer, 70 Ill. 567; Prout v. Lomer, 79 Ill. 331.

Hence it follows in this case that, if the injunction should be dissolved, the bill should be dismissed.

The bill should be dismissed furthermore on the broad ground that its averments were proven to be not true.

The complainant was not and never had been the owner of the premises, and was not in possession until she took possession after the granting and under cover of the injunction, and inclosed the land with a fence. The defendant was not about to take possession of the land, but was in actual possession, and had had constructive possession since the time it first built its track.

Complainant's counsel make a distinction as to the consequences between the act of filing the bill and the act of procuring the order for the injunction. They say, in their brief, " the controversy turns on whether, at the time the bill was filed, the appellant or appellee was in possession," and allege that at the time the bill was filed the appellant had destroyed the fence and taken possession. It is undisputed, however, that the bill was drawn and sworn to and the order for the injunction procured before the fence was destroyed. The inference of counsel, therefore, seems to be that although the allegations of the bill were false when the bill was drawn and sworn to, and when presented to the court and the order for the injunction procured, yet, because in the interim the fence had been torn down, the averments of the bill were true when the bill was filed, and therefore the suit can be maintained. This proposition is not sound. The bill was before the court when the order for the injunction was granted, even though the bill was not filed until an hour later, and the inception of the proceedings must date from the time that the bill was presented to the court, even though counsel carried the bill in their pocket for some time thereafter before filing.

The purpose of a writ of injunction is to maintain the *status quo*, until the court can hear the case and make such order as a deliberate consideration of the case may require; and where a person procures a writ of injunction and thereby ties the hands of the opposing party, and then himself changes the *status*, the court will require the party so abusing its process to restore matters to their original condition; and in this case, it was the duty of the court to dismiss the bill and restore this property to the defendant. Wangelin v. Goe, 50 Ill. 459; Herrington v. Herrington, 11 Ill. App. 121; Hawks v.

Champion, Cary's Reports, 51; Dowche v. Berrot, Cary's Reports, 63; Hill v. Portmann, Cary's Reports, 140; Harbottle v. Pooley, 2 L. T. R. 436; Van Zandt v. The Argentine Mining Co., 2 McCreary, 642; Hate v. Lucia, 36 Wis. 355.

GARY, J.   The appellant claimed as her own, a strip of ground twenty-five feet in width along the side of land which is the undisputed right of way of the appellee.

The appellee began, and perhaps finished, fencing it into their apparent right of way.   The husband of the appellant, seeing the work in progress, procured the preparation of the bill in this case, swore to it and departed for the premises, several miles from the city.   The solicitors of the appellant, having upon the bill so prepared, obtained an order for the injunction afterward issued, waiting until they felt assured that the husband had had time to tear down the fence of the railway, filed the bill and took out the writ, enjoining the railway from disturbing her.   She has parted with her title *pendente lite*, and has now no interest in the premises.   On these facts being shown the court dismissed her bill.   Other circumstances in the case need not be noticed.

The decree of the court is right, except that the right of the parties at law should be left unaffected by it.   It does not appear that the appellant asked that the dismissal should be without prejudice to her rights and remedies at law, nor is it now assigned as error that it was dismissed without such saving.   In the brief, however, that matter is complained of, and *ex gratia* the decree of the Circuit Court is so modified that the bill of the appellant and the cross-bill of the appellee are both dismissed without prejudice to the respective rights and remedies of either and both of the parties at law, and a new decree, in lieu of, and as a substitute for, the decree of the Circuit Court will be here entered to that effect.

The appellees will recover from the appellant their costs in this court, except upon the cross-error assigned; those of the Circuit Court are provided for by that portion of the decree there not affected by the decree here.   Restitution is not awarded, as she did not take possession under the process of the court.                    *Decree affirmed.*